UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

RAM KUMAR KUMAR, Petitioner,

v. Civil Action No. 4:26-cv-00470-RGJ

MIKE LEWIS, et al., Respondents.

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Petition for Writ of Habeas Corpus [DE 1] and motion for status update [DE 17] filed by pro se Petitioner Ram Kumar Kumar ("Kumar"). The United States ("Respondents")[1] responded [DE 8], and Kumar replied [DE 15]. This matter is ripe. For the reasons below, Kumar's Petition for Writ of Habeas Corpus [DE 1] is **GRANTED** and the motion for status update [DE 17] is **DENIED as moot**.

## I. BACKGROUND

Kumar is a native and citizen of India. [DE 8 at 72]. He entered the United States at "an unknown location on or about December 31, 2024." [*Id.*]. Shortly thereafter, Kumar was arrested by border patrol agents and placed in the custody of the United States Department of Homeland Security ("DHS"). [DE 8-1 at 81]. DHS then placed Kumar in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). [DE 8-2 at 84 (indicating that Kumar was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as "an immigrant not in possession of [valid entry documentation]")].

An asylum officer provided Kumar with a credible fear interview and made a positive credible fear finding, after which Kumar applied for asylum. [DE 8 at 73]. DHS granted Kumar

[1] 28 U.S.C. § 517 allows the Office of the United States Attorney to make appearances in court to attend to the United States' interests. Respondents submitted responses in this case to attend "to the United States' interests to the extent that the petition also names a county official as a respondent." [DE 16 at 136 n.1].

parole on January 29, 2025. [*Id.*]. Respondents do not indicate that Kumar's parole was terminated. However, on March 8, 2025, Kumar was re-arrested by ICE and taken into ICE custody. [*Id.*]. Respondents are only in possession of an administrative arrest warrant dated May 17, 2025. [*Id.* at 73 n.5]. The administrative arrest warrant ordered Kumar's arrest "pursuant to section[] 236 of the Immigration and Nationality Act." [DE 8-4 at 92 (INA § 236, codified at 8 U.S.C. § 1226)].

On December 8, 2025, the immigration judge denied Kumar's asylum application but granted Kumar withholding of removal to India. The appeal remains pending. [DE 8 at 73–74 (explaining that DHS appealed the IJ's order granting withholding of removal to India, and that the appeal is still pending)].

Kumar is currently detained at the Hopkins County Jail. [*Id.*]. He has been detained for over 19 months.

## II. DISCUSSION

### A. Immigration and Nationality Act

In the Petition, Kumar asserts that his prolonged detention without an individualized bond hearing violates due process. [DE 1]. Respondents argue that Kumar is an "applicant for admission" detained under the mandatory detention provisions in 8 U.S.C. § 1225(b)(1)(B)(ii). [DE 8 at 72]. According to Respondents,

> 8 U.S.C. § 1225(b)(1)(B)(ii) requires detention of aliens that were subject to expedited removal proceedings but were then found by an asylum officer to have a credible fear of persecution in their home country and placed into full proceedings before the Immigration Court, such as Petitioner.

[DE 8 at 74]. Respondents therefore conclude that Kumar has not been deprived of due process because he "is receiving the process Congress provided, including notice of the relevant charges of removability, a hearing before an immigration judge, and the opportunity to appeal the immigration judge's decision." [*Id.* at 76].

Respondent's same arguments were considered and rejected by this Court in *Singh v. Hott*, No. 4:26-CV-256-DJH, 2026 WL 1880217, at *4 (W.D. Ky. June 30, 2026) (concluding that the petitioner was "detained under § 1226(a), not § 1225(b)(1)(B)(ii), because an officer finished considering his asylum application" when petitioner was placed into standard removal proceedings before an immigration judge). Although not binding, the Court finds the analysis in *Singh* to be persuasive. The Court incorporates the same reasoning here in finding that § 1226, rather than § 1225, governs Kumar's detention.

Relevant here, Section 1225(b)(1) governs "[i]nspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled." § 1225(b)(1). "Section 1225(b) requires mandatory detention" for noncitizens subject to expedited removal under § 1225(b)(1). *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 293 (E.D.N.Y. 2025). The statute states in relevant part:

> (A) Screening
>
> (i) In general
>
> If an immigration officer determines that an alien ... who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum ... or a fear of persecution.
>
> (ii) Claims for asylum
>
> If an immigration officer determines that an alien ... who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title and the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of persecution, the officer shall refer the alien for an interview by an asylum officer.

§ 1225(b)(1)(A)(i)–(ii). Thus, "[a]pplicants can avoid expedited removal by claiming asylum."

*Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 109 (2020). "The point of th[e] screening interview is to determine whether the applicant has a 'credible fear of persecution.'" *Id.* (quoting § 1225(b)(1)(B)(v)). "The applicant need not show that he or she is in fact eligible for asylum—a 'credible fear' equates to only a 'significant possibility' that the alien would be eligible." *Id.* (emphasis omitted) (quoting § 1225(b)(1)(B)(v)).

Section 1225(b)(1)(B)(ii) provides that if an asylum officer "determines at the time of the [credible-fear] interview that an alien has a credible fear of persecution . . . , the alien shall be detained for further consideration of the application for asylum." § 1225(b)(1)(B)(ii). "The plain meaning of [that provision] is that detention must continue until immigration officers have finished 'consider[ing]' the application for asylum."[2] *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018) (second alteration in original) (discussing §§ 1225(b)(1)(B)(ii), (b)(2)(A)). Once consideration of the asylum application ends, "detention under § 1225(b) must end as well." *Id.* at 297. Pursuant to accompanying regulations, upon an asylum officer's finding of credible fear, U.S. Citizenship and Immigration Services ("USCIS") "has complete discretion to either issue a Form I-862, Notice to Appear, for full consideration of the asylum . . . claim in [standard removal] proceedings under [8 U.S.C. § 1229a], or retain jurisdiction over the application for asylum pursuant to [8 C.F.R.] § 208.2(a)(1)(ii) for further consideration in a hearing pursuant to [8 C.F.R.] § 208.9." 8 C.F.R. § 208.30(f); *see Thuraissigiam*, 591 U.S. at 110 (discussing 8 C.F.R. § 208.30(f)). In a standard removal hearing, an immigration judge considers the noncitizen's asylum application. *See Thuraissigiam*, 591 U.S. at 110. But pursuant to 8 C.F.R. § 208.9, an asylum officer may further consider the asylum application via an interview and issue a decision. *See* 8 C.F.R. § 208.9(b), (d);

[2] Although § 1225(b)(1)(B) refers to a credible-fear finding by an asylum officer, *see* § 1225(b)(1)(B)(i)–(ii), and distinguishes immigration officers from asylum officers, *see* § 1225(b)(1)(A)(i)–(ii), the *Jennings* opinion refers to asylum officers as immigration officers for purposes of § 1225(b)(1)(B)(ii). *See* 583 U.S. at 299.

see also 8 C.F.R. § 208.14(b)–(c) (providing authority for asylum officer to grant or deny asylum applications).

Here, Kumar received a credible-fear interview before an asylum officer, the asylum officer found that Kumar had a credible fear of persecution, and Kumar was then "placed into standard removal proceedings" pursuant to 8 C.F.R. § 208.30(f). [DE 8 at 73]. Kumar was mandatorily detained under 8 U.S.C. § 1225(b)(1)(B)(ii) until the "the officer's consideration of [his] asylum application concluded because [Kumar] was placed in standard removal proceedings before an immigration judge." *Singh*, 2026 WL 1880217, at *3. Indeed, the Notice to Appear that DHS issued Kumar at the time of his arrest specifically states that the Notice "is being issued after an asylum officer has found that [Kumar] has demonstrated a credible fear of persecution or torture" and the "Section [1225(b)(1)] order was vacated" pursuant to 8 C.F.R. 208.30. [DE 8-5 at 94]. By issuing a Notice to Appear and placing Kumar in standard removal proceedings, USCIS thereby declined to "retain jurisdiction over the application for asylum pursuant to § 208.2(a)(1)(ii) *for further consideration* in a hearing pursuant to § 208.9," 8 C.F.R. § 208.30(f) (emphasis added). This decision means that Kumar's "detention under § 1225(b) must end as well." *Jennings*, 583 U.S. at 299. And as even further evidence that Kumar is not detained under § 1225(b), the administrative arrest warrant indicated that Kumar's arrest was authorized by 8 U.S.C. § 1226. [*See* DE 8-4 at 92 (authorizing arrest "pursuant to section[] 236 of the Immigration and Nationality Act," codified at 8 U.S.C. § 1226)].

Although Kumar's asylum application technically remains under consideration before the BIA, [DE 1 at 11], § 1225(b)(1)(B)(ii) does not suggest that the BIA constitutes an "immigration officer" who "consider[s]" Kumar's application under that provision, *see Jennings*, 583 U.S. at 299, given that the BIA and an immigration officer are defined differently. *See* 8 U.S.C.

§ 1101(a)(18) (defining immigration officer); 8 C.F.R. § 1003.1(a)(1) (defining the BIA); *cf. dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988, at *8 n.11 (D. Mass. Aug. 14, 2025) (distinguishing between statutory definition of "immigration officer" and "immigration judge" to conclude that petitioner was not detained under § 1225(b)(1)(B)(ii) after he received "a positive credible fear finding" from an immigration officer and was placed in standard removal proceedings before an immigration judge).

In support of the opposite conclusion, Respondents rely on the BIA decision in *Matter of M-S-*, 27 I & N Dec. 509 (A.G. 2019), as well the opinions of two district courts applying *Matter of M-S-*: *Brito-Goncalvez v. Field Off. Dir.*, 2026 WL 1077448, at *6-9 (S.D. Ohio Apr. 21, 2026); *Pambukhychyan v. U.S. Immig. & Customs Enf't*, 2026 WL 980250, at *7-10 (W.D. La. Mar. 23, 2026) ), *report and recommendation adopted*, No. CV 26-0136, 2026 WL 978973 (W.D. La. Apr. 10, 2026). For the reasons explained in *Singh*, 2026 WL 1880217, at *3, these cases are unpersuasive. *Matter of M-S-* incorrectly interpreted *Jennings* to hold "that section 235(b)(1) 'mandate[s] detention throughout the completion of [removal] proceedings' unless the alien is paroled." 27 I. & N. Dec. 509, 510 (2019). But *Jennings* only states that detention is mandatory "until immigration officers have finished 'consider[ing]' the application for asylum." 583 U.S. at 299. Likewise, *Brito-Goncalvez* and *Pambukhychyan* followed *Matter of M-S-,* holding that detention under § 1225(b)(1)(B)(ii) applies during the "full removal proceedings under [8 U.S.C. § 1229a]," *Brito-Goncalvez*, 2026 WL 1077448, at *2, including while the noncitizen's asylum appeal is pending before the BIA. *Pambukhychyan*, 2026 WL 980250, at *3. However, none of these authorities apparently considered that the petitioners were no longer under "further consideration" by an asylum officer but instead were in standard removal proceedings before an immigration judge. 8 U.S.C. § 1225(b)(1)(B)(ii).

Accordingly, the Court concludes that Kumar is detained under § 1226(a), not § 1225(b)(1)(B)(ii).

B. Due Process

Having determined that Kumar is not subject to mandatory detention, it is plain that Kumar did not receive the process to which he was entitled. Due process entitles noncitizens detained under § 1226(a) to an individualized bond hearing before an immigration judge to determine whether they present a flight risk or danger to the community. *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 732–34 (6th Cir. 2026); 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(c)(8), (d)(1). Respondents' arguments to the contrary presuppose that Kumar is "detained under § 1225(b)(1)(B)(ii)" and are therefore inapposite. [*See* DE 8 at 76 ("Petitioner wants a bond hearing as someone detained under 8 U.S.C. § 1226(a) would receive, but that same process isn't available to someone detained under § 1225(b)(1)(B)(ii).")].

Because the government has not provided Kumar with an individualized bond hearing, his continued detention is unlawful. *See Mann v. Lewis*, No. 4:26-CV-187-RGJ, 2026 WL 935842, at *4 (W.D. Ky. Apr. 7, 2026) (addressing *Mathews v. Eldridge*, 424 U.S. 319 (1976), factors and concluding that government's re-detention of asylum applicant, without providing a hearing to determine that he was a flight risk or a danger to the community pursuant to § 1226(a), was in "violation of the Due Process Clause and the INA").

The proper remedy is release. *See Orellana v. Noem*, 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025) ("[C]ourts across the country have ordered the release of individuals stemming from ICE's illegal detention."); *Minarcaja Concha v. Lyons*, 818 F. Supp. 3d 367, 390 (E.D.N.Y. 2026) ("Release from detention is the typical remedy for unlawful executive detention.") (cleaned up); *Roble v. Bondi*, 803 F. Supp. 3d 766, 774 (D. Minn. 2025) (ordering petitioner's "release from

custody as a remedy for ICE's illegal re-detention"). *See also Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention.").

Further, absent a material change in circumstances, Kumar must be provided with a bond hearing on the merits before a neutral immigration judge prior to any re-detention. *See* 8 C.F.R. §§ 1236.1(c)(8), (d)(1). The immigration judge may consider the non-exhaustive list of factors set out in *Matter of Guerra* 24 I. & N. 37, 40 (BIA 2006). *See also Mann*, 2026 WL 935842, at *5.

## III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Kumar's Petition for Writ of Habeas Corpus [DE 1] and **ORDERS** the following:

(1) Respondents are directed to release Petitioner Kumar immediately because of the unlawful detention in violation of his due process rights;

(2) the United States must certify compliance with the Court's order by a filing on the docket **by October 21, 2026**; and

(3) Kumar's Motion for Status Update [DE 17] is **DENIED as moot**.

Rebecca Grady Jennings, District Judge
United States District Court

October 19, 2026

Cc: Counsel of record